**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Whittier, ) | CIV-12-2430-PHX-DGC (MHB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joe Arpaio, et al., ) | |
| Defendants. ) | |

On November 13, 2013, Plaintiff Justin Whittier, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a December 27, 2013 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 10, 2013, Plaintiff filed his First Amended Complaint (Doc. 7). The Court screened the amended pleading, ordered Defendant Arpaio to answer, and dismissed the remaining Defendants without prejudice. Further, in the screening Order, Plaintiff was directed to file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff was warned that if he failed to timely comply with the provisions set forth in the screening Order, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On May 6, 2013, the docket reflected that mail sent from the Clerk of the Court to Plaintiff was returned as undeliverable indicating that Plaintiff is no longer in custody. (Doc.

9.) Having failed to notify the Court of a new address, on May 20, 2013, the Court ordered that no later than "ten (10) days from the date of [its] Order, Plaintiff shall either: (1) file a notice of change of address, or (2) show cause why this matter should not be dismissed for failure to prosecute in light of his failure to file a notice of change of address." (Doc. 10.) The time for responding has expired, and Plaintiff has not responded to the Order to show cause or, otherwise, communicated with the Court. The Court, therefore, will determine whether dismissal is appropriate.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to respond to Court orders prevents the case from proceeding in the foreseeable future. The

fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to (1) file a notice of change of address, or (2) show cause why this matter should not be dismissed for failure to prosecute in light of his failure to file a notice of change of address. Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits unless the court in its order for dismissal otherwise specifies. In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Amended Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice.

DATED this 23rd day of July, 2013.

_____
David G. Campbell
United States District Judge